UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DONALD GLASSMAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
ISMAEL VILLALBA, POLICE OFFICER SALVADOR
ROSARIO, POLICE OFFICER RAMON GUILLEN,
POLICE OFFICER CARLOS JIMENEZ, POLICE
OFFICERS JOHN DOE NUMBERS 1-3, UNKNOWN
AND INTENDED TO BE OTHER NEW YORK CITY
POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN, NEW YORK COUNTY
DISTRICT ATTORNEY'S OFFICE
and DILENIA SOLARES DURAN,

                Defendants.
------------------------------------------------------------X

10 CIV 2468

Docket No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

       The plaintiff, by and through his attorneys, LEVINE & CHONG, LLC, complaining of the defendants, herein respectfully shows to this Court and alleges the following:

### **PRELIMINARY STATEMENT**

       1.      This is a civil rights action in which the plaintiff, DONALD GLASSMAN, seeks relief for defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. Section 1367.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 29 U.S.C. Section 1391(b).

## PARTIES

7. The plaintiff, DONALD GLASSMAN, is a citizen and resident of the United States, and was at all times relevant herein, a resident of the City of New York. County of New York, and State of New York.

8. Defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES, are and were at all times relevant herein, officers, employees and agents of the New York City Police Department, a

municipal agency of THE CITY OF NEW YORK. Defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES are being sued individually.

9. At all times relevant herein, the individual defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of THE CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as officers, agents and employees of THE CITY OF NE\' YORK and incidental to the lawful pursuit of their duties as officers, employees and agents of THE CITY OF NEW YORK.

10. Defendant THE CITY OF NEV YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by THE CITY OF NEV YORK.

11. Mark Crooks, at all times relevant herein, was an Assistant District Attorney employed by District Attorney of New York County Robert Morgenthau, and was responsible for the investigation into the allegations of rape made against plaintiff by defendant DILENIA SOLARES DURAN on October 31, 2006.

12. At all times relevant herein, Crooks was acting under color of state law in the course and scope of his duties and functions as an agent, servant, and employee of the Office of the District Attorney of the County of New York of the defendant THE CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of her lawful functions in the course of his duties. He was acting for and on behalf of the District Attorney of the County of New York of defendant THE CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as an agent, servant and employee of the Office of the District Attorney of the County of New York of defendant THE CITY OF NEW YORK and incidental to the lawful pursuit of his duties as an employee, servant and agent of the Office of the District Attorney of the County of New York and defendant THE CITY OF NEW YORK.

13. Robert Morgenthau, at all times relevant herein, was the District Attorney of the County of New York, City and State of New York, and was responsible for, and the chief architect of, the policies, practices, customs and usages of the Office of the District Attorney of the County of New York of the defendant THE CITY OF NE\' YORK. Morgenthau was responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the Assistant District

        Attorneys and other agents and employees of the Office of the District Attorney of the County of New York under his command.

14. District Attorney Morgenthau, through the Office of the District Attorney of the County of New York, is an agent of THE CITY OF NEW YORK in the hiring, training, supervising, and disciplining of Assistant District Attorneys, including Crooks. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of an Office of the District Attorney of the County of New York, and the employment, hiring, training, supervising and disciplining of Assistant District Attorneys and other agents and employees of the Office of the District Attorney of the County of New York, as said risk attaches to the public consumers of the services provided by the District Attorney's Office.

15. At all times relevant herein, defendant DILENIA SOLARES DURAN was and is a resident alien living in the State of New York, a native of the Dominican Republic, who at the time of the occurrence was plaintiff's wife, and resided in the County, City and State of New York with him.

## STATEMENT OF FACTS

16. On or about November 30, 2006, at approximately 6:30 p.m., defendants POLICE OFFICER VILLALBA and POLICE OFFICERS JOHN DOES 1-3 came to Plaintiff's place of residence in the County, City and State of New York, and arrested Plaintiff on charges of violating an order of protection issued to defendant DILENIA SOLARES DURAN.

17. Defendant DILENIA SOLARES DURAN had previously made false statements against Plaintiff resulting in Plaintiff's arrest for assault and rape charges on

October 31, 2006. Defendants POLICE OFFICER VILLALBA, POLICE OFFICER CARLOS JIMENEZ, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN were among the arresting officers on that occasion.

18. Regarding plaintiff's arrest and processing on October 31, 2006, plaintiff was never advised by the defendant arresting police officers that he was under arrest and plaintiff was interrogated without being advised of his Miranda rights.

19. Defendant DILENIA SOLARES DURAN contacted the New York City Police Department and falsely and publicly accused Plaintiff DONALD GLASSMAN of violating the order of protection issued at the time of the October 31, 2006 arrest by contacting her at her temporary place of residence.

20. Plaintiff repeatedly maintained his innocence of all charges, and provided proof that he was not in violation of the order of protection to no avail.

21. Plaintiff told the above-mentioned individual police officer defendants in substance that he did not violate the order of protection, and later provided phone records through counsel to confirm his assertions.

22. Neither the above-mentioned police officer defendants nor defendant NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE followed up on the information provided by plaintiff or plaintiff's counsel.

23. The individual police officer defendants took custody of plaintiff directly in front of his place of residence where several people, including neighbors of plaintiff's residence, were passing by and watching, into a marked police vehicle and

transported him to the 20th precinct, where he was ultimately placed into two different holding cells.

24. Plaintiff was searched, scanned with a metal detector and strip searched.

25. Plaintiff was fingerprinted, photographed, otherwise processed and put through the system.

26. Plaintiff was held in custody for thirty-eight (38) hours, and he was eventually released on bail on December 2, 2006.

27. Defendant the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE filed a complaint against plaintiff in the New York County Criminal Court charging plaintiff with rape, assault and contempt of court.

28. Plaintiff was caused to retain a defense attorney and appear in court to fight the criminal case against him.

29. On or about December 15, 2006, plaintiff appeared in New York County Criminal Court where he pled not guilty to all of the false charges against him.

30. On October 16, 2007, he was found guilty of the rape and contempt charges and acquitted of the assault charge; on July 23, 2008, the convictions were thrown out on the grounds of ineffective assistance of counsel; and on February 11, 2009 he was acquitted on the rape and contempt charges after a bench trial before the Honorable John Cataldo.

31. The conduct of the defendant Assistant District Attorney which supports plaintiff's claims, include, but is not limited to, the following acts, which occurred at pre-trial stages and at both trials:

a. Crooks' assertion that the Chase bank accounts were solely in possession of the alleged victim that was contradicted by bank records in Crooks' possession, which attest that both accounts with her name on them were joint accounts with plaintiff, to which she had equal access at all times and exclusive access while plaintiff was incarcerated on the false rape charges;

b. Crooks' repeated assertion before and during both trials that plaintiff prevented the alleged victim from access to her travel documents and immigration application such that she could not travel was contradicted by the alleged victim's testimony at the first trial;

c. Crooks' assertion that the next day, after plaintiff posted thirty-five hundred dollars bail, plaintiff went directly to Chase Bank and withdrew the alleged victim's entire savings ($1,145.00) which was purportedly earned by her while working at a hair salon was contradicted by bank records in Crooks' possession, which attest that: i) plaintiff made the withdrawal from the joint account by telephone on the morning of October 31, 2006, before his arrest; ii) on November 1, 2006, while plaintiff was incarcerated in prison on the false charges, the alleged victim withdrew the $460.00 then in the account and closed it; and iii) $100 of the $1,145 that plaintiff withdrew from the account was a bonus paid to both plaintiff and the alleged victim by the bank right after they opened the account on September 19, 2006.

d. Crooks' assertion that the alleged victim immediately re-deposited her money with Chase Bank was contradicted by bank records in Crooks' possession,

which attest that she did not deposit plaintiff's check until December 5, 2006; more than three weeks after receiving it;

e. Crooks' assertion that plaintiff sometimes left messages where he spoke pejoratively of the alleged victim was never supported by any testimony ever rendered or evidence produced;

f. Crooks' assertion that plaintiff met his prior wife through an international dating service was also never supported by any testimony ever rendered or evidence produced. Crooks admitted during a pre-trial hearing on October 5, 2007 that he could not locate plaintiff's previous wife, whom plaintiff met through a mutual friend in New York in 1999; and

g. Crooks' repeated references to the plaintiff's past and/or prior crimes was contradicted by plaintiff's rap sheet, which attests to the fact that plaintiff was convicted of one violation only.

32. The conduct of the police officer defendants which supports plaintiff's claims, include, but is not limited to, the following acts:

   a) Villalba lied under oath about the circumstances and conduct of the first arrest to the grand jury;

   b) Villalba failed to check record of incoming calls to plaintiff's home telephone after plaintiff's attorneys informed him on November 29, 2006 that Dilenia's cousin Anyolino had in fact called plaintiff on the day plaintiff was accused of calling him;

   c) Villalba and Rosario lied under oath about the circumstances and conduct of both arrests at the Huntley pretrial hearing;

    d)    Villalba, Rosario, and Guillén lied under oath about the circumstances and conduct of both arrests at plaintiff's first and second trial;

    e)    Villalba admitted under cross-examination at plaintiff's second trial that the sexual allegations against plaintiff, including the allegation of anal rape, were not originally included in the Domestic Incident Report and associated documents, but only added to the former many hours after the complainant was first interviewed at the 20th Precinct;

    f)    Under cross-examination at plaintiff's second trial, both Villalba and Jiménez professed confusion, ignorance, and amnesia as to how accusations of first-degree forcible rape and battery came to be entered in the original criminal complaint, which bears Villalba's signature and the date and time "10/31/2006 1847" since the alleged victim never made such accusations on the record, orally or in writing, and never claimed to have made them.

33.    The above-mentioned acts were all conducted in violation of Plaintiff's constitutional rights and were perpetrated by the defendants under color of law. Plaintiff alleges that defendants THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT are liable for the unlawful detention, false arrest and unlawful imprisonment under a theory of respondeat superior. Similarly, Defendants THE CITY OF NEW YORK AND NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE are liable for maliciously

prosecuting Plaintiff under a theory of Respondeat Superior. This is because, among other reasons, defendant THE CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers. As a result, New York City police officers are encouraged to believe that they can violate the rights of persons like plaintiff with impunity.

34. As a result of the defendants' above-mentioned conduct, plaintiff suffered: deprivation of his liberty; humiliation; injuries to his reputation; extreme emotional, mental and psychological anguish; the loss of his job and career; the loss of $110,000.00 spent in legal fees; and the inability to pass a background check during the two (2) years and three (3) months of malicious prosecution by defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. Defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES acting under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, done without lawful justification, and designed to and causing specific and serious bodily harm, pain and suffering, loss of liberty, humiliation. costs and expenses and other damage and injury, violated plaintiff's constitutional rights as guaranteed under 42 U.S.C. Section 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

37. By the conduct herein alleged, defendants falsely arrested and imprisoned plaintiff, maliciously prosecuted him, and failed to intercede on behalf of plaintiff and to protect plaintiff from the unjustified and unconstitutional treatment he received at the hands of defendants.

38. The conduct of defendants which supports this claim, includes, but is not limited to, the following acts:

    a. Knowing facts which would cause a person of reasonable caution to lack confidence that plaintiff was a perpetrator of the alleged rape of his spouse, defendants forcibly detained plaintiff, failed to inform him that he was under arrest, failed to inform him of his rights and falsely charged him with first-degree forcible rape and battery;

b. Fabricating evidence which was presented to the grand jury, to the jury of the first trial, and to the trial court at the second trial by suggestively and deceptively presenting the circumstances and conduct of both arrests, and the basis upon which plaintiff was charged with first degree forcible rape, and their failure to investigate the plaintiff's phone records which would have repudiated the victim's claims;

c. Acting and conspiring with Mark Crooks to deceive the grand jury by not presenting exculpatory evidence to the grand jury. Knowing of exculpatory evidence, coupled with the utter lack of physical evidence implicating plaintiff in the alleged rape of his spouse and their own failure to investigate the plaintiff's telephone records, defendants failed to inform the grand jury of that information, thus deceiving the grand jury into indicting plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 BY THE CITY OF NEW YORK

39. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

### New York City Police Department

40. At all times material to this complaint, the defendant THE CITY OF NEW YORK had in effect actual and/or de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants.

41. Defendant THE CITY OF NEW YORK failed to properly train, supervise or

discipline its police detectives, including defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES, concerning correct practices in the interviewing of witnesses to crimes and identification procedures, and the obligation not to present deceptive evidence to the grand jury and trial or manufacture probable cause, thereby permitting defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES to be in a position to violate plaintiff's federal and state constitutional and statutory rights.

42. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police detectives, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of false charges, false arrest, and malicious prosecution by its police detectives, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent situations of such conduct, which involve potential danger to the constitutional rights of the citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policy, practices, customs or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. Section 1983 and the Fourth, Fifth,

and Fourteenth Amendments to the United States Constitution.

**District Attorney of the County of New York**

43. Defendant THE CITY OF NEW YORK acting through District Attorney Morgenthau and the Office of the District Attorney of the County of New York, had actual and/or de facto policies, practices, customs and/or usages of failing to effectively train, supervise, and discipline its Assistant District Attorneys, including Crooks, concerning correct practices in conducting investigations, interviewing witnesses, conducting identification procedures, handling exculpatory evidence, and presenting cases to the grand jury. Such policies, practices, customs and/or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff herein.

44. The conduct of defendants which supports this claim, includes, but is not limited to, the following acts:

    a. The failure to train, supervise and discipline Assistant District Attorneys concerning their obligation to present exculpatory evidence to the grand jury;

    b. The failure to train, supervise and discipline Assistant District Attorneys concerning their obligation not to present misleading evidence to the grand jury;

    c. The failure to train, supervise and discipline Assistant District Attorneys concerning their obligation not to prosecute defendants in cases in which there is no reasonable likelihood that guilt can be proven beyond a reasonable doubt.

45. Defendant THE CITY OF NEW YORK, acting through District Attorney Morgenthau and the Office of the District Attorney of the County of New York, was aware that such lack of effective training, supervision, and discipline leads to improper conduct by its employee Assistant District Attorneys, and acted with deliberate indifference in failing to establish a program of effective training, supervision, and discipline. There have been recurrent situations of such conduct which involve potential danger to the constitutional rights of the citizens of New York, but which have been officially tolerated by defendant THE CITY OF NEW YORK, acting through District Attorney Morgenthau and the Office of the District Attorney of the County of New York.

46. Neither defendant Crooks nor his supervisor was disciplined for their conduct in plaintiff's criminal prosecution.

## AS AND FOR THE THIRD THROUGH NINTH CAUSES OF ACTION

## STATE LAW CLAIMS

47. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. A Notice of Claim was filed on May 8, 2009, with the Comptroller of the City of New York in compliance with the requirements of the New York State General Municipal Law. More than thirty days have elapsed from the filing of the Notice of Claim to the commencement of this action, and adjustment or payment thereof has been neglected or refused.

49. The conduct of defendants POLICE OFFICER ISMAEL VILLALBA, POLICE

OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, and DOES, alleged herein, occurred while they were on duty, and in the course and scope of their duties and functions as New York City Police Department detectives or police officers, and while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and as a result defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

50. The conduct of defendant Crooks, alleged herein, occurred while he was on duty, and in and during the course and scope of his duties and functions as an Assistant District Attorney, while he as acting as an agent and employee of defendant THE CITY OF NEW YORK, and as a result defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

51. Defendant THE CITY OF NEW YORK is vicariously liable for the actions of the defendants POLICE OFFICER ISMAEL VILLALBA, POLICE OFFICER SALVADOR ROSARIO, POLICE OFFICER RAMON GUILLEN, POLICE OFFICER CARLOS JIMENEZ, DOES, and CROOKS.

52. By the actions described above, the defendants individually and collectively, have committed the following wrongful acts against the plaintiff:

   a. Trespass on the person of plaintiff DONALD GLASSMAN;

   b. False arrest and imprisonment of plaintiff DONALD GLASSMAN;

   c. Malicious prosecution of plaintiff DONALD GLASSMAN;

   d. Intentional and negligent infliction of emotional distress on the plaintiff

DONALD GLASSMAN;

e. Conspiracy by the defendants to commit the above acts; and

f. Violation of the rights otherwise guaranteed to plaintiff under the laws and Constitution of the State of New York and of the United States.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees; and

e. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

DATED: Mineola, New York
       March 17, 2010

Yours, etc.

*[signature]*

Alexander Levine, Esq. (AL 2340)
**LEVINE & CHONG, LLC**
Attorneys for Plaintiff
1517 Franklin Avenue, Suite 300
Mineola, New York 11501
(516) 742-7600