**MANDATE**

13-593-cv
*Glassman v. The City of New York*

N.Y.S.D. Case #
10-cv-2468(SHS)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fourteen.

PRESENT:

>    DEBRA ANN LIVINGSTON,
>    BARRINGTON D. PARKER,
>    SUSAN L. CARNEY,

>    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2014

_____

DONALD GLASSMAN,

>    *Plaintiff-Appellant,*

-v.-                                                              No. 13-593-cv

THE CITY OF NEW YORK, ET AL.,

>    *Defendants-Appellees.*

_____

>    IGOR KOTLYAR, Kotlyar Law, P.C., New York, NY, *for Plaintiff-Appellant.*

>    LARRY A. SONNENSHEIN (Susan P. Greenberg, *on the brief*), *for* Michael A Cardozo, Corporation Counsel of the City of New York, *for Defendants-Appellees.*

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Plaintiff-Appellant Donald Glassman commenced this suit under 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution, as well as additional state laws. On January 7, 2013, the United States District Court for the Southern District of New York (Stein, *J.*) entered judgment granting the City of New York's motion for summary judgment on plaintiff's federal constitutional claims; the district court also declined to exercise supplemental jurisdiction over plaintiff's state law claims.

On appeal, Glassman challenges only the district court's grant of summary judgment on his municipal liability claim against New York City asserting that City personnel violated his constitutional rights by strip searching him on two occasions. The district court dismissed Glassman's belatedly asserted strip-search claim against the City explaining that "[e]ven if [he] was impermissibly strip searched, he fails to elaborate how his strip search was the product of any municipal policy, custom, or usage." We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\* \* \*

Municipalities are not liable under 42 U.S.C. § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). A plaintiff must therefore plead and prove the existence of "an official policy or custom" and that this policy or custom caused the deprivation of his constitutional rights. *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). We agree with the district court that Glassman has not adduced sufficient evidence of a municipal policy or custom of unconstitutional arrestee strip searches to survive a motion for summary judgment.

1       On appeal Glassman argues that there are material facts in dispute as to whether the City had
2  a municipal policy or custom to unlawfully strip search arrestees. Glassman points to only two facts
3  in support of this argument: (1) that he was strip searched following arrest twice; and (2) that prior
4  to opting out, he was a member of the certified class in *McBean v. City of New York*, 228 F.R.D. 487
5  (S.D.N.Y. 2005).* Two incidents of a strip search, however, are not sufficient to raise an issue of
6  material fact regarding a policy or custom in the City of New York. The certification of the class
7  in *McBean*, moreover, is not evidence of a custom or policy in this case. As the district court
8  correctly held, these two facts are not sufficient for a reasonable juror to find that New York City
9  had a custom or policy to unconstitutionally strip search arrestees.

10      In any event, even if the plaintiff had adduced evidence from which a juror could conclude
11 that his strip searches were the result of a municipal custom or policy, summary judgment is still
12 appropriate here on the alternative ground that such a policy was not a constitutional violation.
13 Glassman's only argument that his strip searches were a violation of his constitutional rights is that
14 the city "lacked the individualized suspicion" required under the Fourth Amendment. This argument
15 fails under the Supreme Court's decision in *Florence v. Board of Chosen Freeholders of County of*
16 *Burlington*, 132 S.Ct. 1510 (2012). In *Florence*, the Supreme Court upheld as constitutional a
17 suspicionless strip search of a detainee suspected of committing a minor offense when the search
18 was conducted as part of the prison intake process prior to introduction into the general jail
19 population. *Id.* at 1523. The Supreme Court reasoned that correctional officials have broad license

---

*In *McBean*, the district court certified a settlement class of plaintiffs who were subject to strip search by New York City's Department of Corrections upon admission to a correctional facility between July 15, 1999 and July 22, 2002. The *McBean* class was certified before the Supreme Court's decision in *Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S.Ct. 1510 (2012).

3

to devise reasonable search policies to inspect detainees for possible injuries and gang affiliations, prevent contraband from entering the jail, and ensure the safety of officers and prisoners. *Id.* at 1517-21. It concluded that, "in the absence of substantial evidence in the record to indicate that . . . officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." *Id.* at 1517 (internal quotation marks omitted). Even assuming the City has a policy regarding suspicionless strip searches for arrestees, Glassman has proffered no admissible evidence (indeed, has failed even to allege facts) demonstrating that this policy was "unnecessary or [an] unjustified response to [the] problems of jail security." *Id.* at 1513-14. With no constitutional violation there can be no *Monell* claim and summary judgment was appropriate.

We have reviewed Glassman's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*[signature and seal]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature and seal]*